**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDREW CHAISSON and ROBERT FOXX, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>V.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO,<br><br>    Defendant. | Civil Action No.:<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Andrew Chaisson and Robert Foxx ("Plaintiffs") bring this lawsuit on behalf of themselves and other similarly situated individuals against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("GEICO" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and applicable Massachusetts law provisions.

## INTRODUCTION

1. This is a collective and class action complaint against GEICO to challenge its policies and practices of: (1) failing to pay non-exempt, hourly employees who work as Auto Claim Adjusters for all hours worked; (2) failing to pay at least minimum wage for all hours worked; (3) failing to pay required overtime wages; (4) failing to authorize, permit, and/or make bona fide meal periods available and pay wages for that time worked; and (5) failing to maintain proper payroll records.

2. Plaintiffs are former non-exempt, hourly employees who worked as Auto Claim Adjusters for GEICO in Massachusetts. In this role, Plaintiffs investigated insurance claims to ascertain the extent of any liability on behalf of Defendant, which furnishes car insurance. Plaintiffs seek to represent other current and former non-exempt, hourly employees of Defendant

who work as Auto Claim Adjusters in Massachusetts. Plaintiffs allege Defendant has engaged in unlawful patterns and practices of failing to meet the requirements of the FLSA and Massachusetts law.

3.     Plaintiffs and putative Collective and Class Members perform off-the-clock work for which they are not adequately compensated. Specifically, Plaintiffs and putative Collective Members must complete a certain number of inspections per day (their "required quota"), and pressure from GEICO to meet these quotas within an allotted paid hours per day often causes the Auto Claim Adjusters to start working while off-the-clock before they are scheduled to begin the workday and after they are scheduled to end their shift, and during unpaid meal breaks.  Failure to meet the quotas within the allotted hours in a day results in negative implications for the performance metrics of Plaintiffs and putative Collective and Class Members, including compensation ramifications and/or disciplinary action. Plaintiffs and putative Collective and Class Members are also required to work off-the-clock to attend meetings outside of their scheduled shifts and without pay.

4.     Because of these issues, Defendant does not pay Plaintiffs and putative Collective and Class Members for all hours worked, including minimum wage and overtime. The hours that Defendant requires Plaintiffs and putative Collective Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA.

5.     To the extent that Plaintiffs and putative Collective and Class Members regularly work in excess of forty hours per week, this off-the-clock work should be compensated at overtime rates. However, Defendant fails to pay Plaintiffs and the putative Collective and Class Members for any of this work performed, including the required overtime premiums, in violation of the FLSA.

6.     Defendant's conduct violated and continues to violate Massachusetts state law because the Massachusetts Wage Act (Massachusetts General Laws Chapter ("M.G.L. c.") 149, Section 148 *et seq*.) requires at least minimum wage for all hours worked. Moreover, for hourly

employees like Plaintiffs and the Class members, the Wage Act requires that hours worked in excess of forty per week be paid at a rate of one and one-half times the hourly rate.

7.       In addition, Defendant routinely refuses to authorize, permit, and/or make available full, timely, uninterrupted thirty-minute meal periods as required by M.G.L. c. 149 § 100. Instead, Plaintiffs and other Auto Claim Adjusters regularly work past the sixth hour of work without the opportunity to take a meal break. Even when they do receive some form of timely meal break, it is often interrupted as Plaintiffs and other Auto Claim Adjusters are encouraged and often required to perform work during their break, and thus that working time is uncompensated.

8.       As a result of the above violations, Defendant fails to provide Plaintiffs and putative Collective and Class Members with true and accurate wage statements and also fails to pay all wages and overtime wages earned as required by Massachusetts law.

9.       Plaintiffs seek full compensation on behalf of themselves and putative Collective and Class Members for all unpaid wages, unpaid overtime, travel time, and travel expenses. Plaintiffs also seek statutory penalty wages (three times the amount owed in wages and expenses), interest, declaratory relief, and injunctive relief, including restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under the FLSA and Massachusetts law.

## PARTIES

10.      Plaintiff Andrew Chaisson worked for Defendant as a non-exempt, hourly paid Auto Claim Adjuster in the Boston area from October 2017 to February 2019.

11.      Plaintiff Robert Foxx worked for Defendant as a non-exempt, hourly paid Auto Claim Adjuster in the Boston area from May 2017 to September 2018.

12.      Plaintiffs' duties as an Auto Claim Adjuster included inspecting vehicles for collision and comprehensive damages; customer service via the phone or in-person engagement; submitting claims on behalf individuals for vehicle repairs; submitting online forms in real time; and issuing checks on behalf of GEICO for insurance payouts.

13.     Pursuant to Defendant's policy, pattern, and/or practice, Plaintiffs regularly worked more than 40 hours in a workweek but were not compensated for all overtime hours worked and also were not compensated for all hours worked.

14.     Plaintiffs are over eighteen years of age and were residents of the Commonwealth of Massachusetts at all relevant times described herein.

15.     Plaintiffs' written consents to join this action are attached as Exhibit A.

16.     The putative Collective members are people who are or who have been employed by Defendant as Auto Claim Adjusters in Massachusetts within the three years preceding the filing of this Complaint.

17.     The putative Class members are all people who are or who have been employed by Defendant as Auto Claim Adjusters in the Commonwealth of Massachusetts within the three years preceding the filing of this Complaint.

18.     Defendant GEICO is a Maryland corporation. On information and belief, Defendant is a wholly owned subsidiary of Berkshire Hathaway, Inc., and its headquarters are located at 5260 Western Avenue, Chevy Chase, Maryland, 20815. Defendant does business throughout the United States, including in Massachusetts.

19.     In addition to Plaintiff, Defendant has employed numerous other employees, who like Plaintiff, are non-exempt workers engaged in interstate commerce. Further, Defendant is engaged in interstate commerce because it conducts business with customers across state lines.

20.     At all relevant times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

21.     At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

22.     Plaintiffs and Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

23.     At all relevant times, Defendant has done business under the laws of Massachusetts, has places of business in the Commonwealth of Massachusetts, including in this judicial district,

and has employed Putative Class Members in this judicial district. Defendant is an "employer" as that term is used in the Massachusetts Wage Act and Massachusetts Minimum Fair Wage Law.

## JURISDICTION AND VENUE

24.     The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Massachusetts law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

25.     Plaintiffs have filed a complaint regarding this matter with the Massachusetts Attorney General pursuant to M.G.L. c. 149, § 150.

26.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in this State and within the geographic area encompassing this judicial district. In addition, a substantial part of the events or omissions giving rise to the claims occurred in this district and the Defendant is subject to personal jurisdiction in this district.  At all times material hereto, Plaintiffs and other Auto Claim Adjusters, however variously titled, were/are employed by and performed or perform job duties for the Defendant within this district and within the jurisdiction and venue of this Court.

## FACTS

27.     Defendant is in the business of providing vehicle insurance, property insurance, and business insurance. Defendant operates in all fifty states, including Massachusetts.

28.     Plaintiffs and putative Collective and Class Members are current or former non-exempt, hourly employees, who work, or have worked, as Auto Claim Adjusters. The duties of Auto Claim Adjusters, including Plaintiff, include but are not limited to processing insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to customer homes or working in auto body shops to access vehicle damage.

29.     As GEICO Auto Claim Adjusters, Plaintiffs and putative Collective and Class Members are expected to meet the required quota. Plaintiffs are informed, believe, and thereon allege that the policies and practices of Defendant have at all relevant times been similar for Plaintiffs and the putative Collective and Class Members, regardless of location in Massachusetts.

30.     While working for Defendant, Plaintiffs and putative Collective and Class Members are scheduled to work approximately seven and a half hours per day, five days a week, for a total of approximately 37.5 hours per week. Plaintiffs and putative Collective and Class Members work these scheduled hours. However, Plaintiffs and putative Collective and Class Members are regularly required by management to work additional hours beyond this scheduled time while off-the-clock and while not receiving compensation. Plaintiffs and putative Collective and Class Members typically work eight and a half to ten hours per day and do not receive pay for all time worked in violation of the FLSA and the Massachusetts wage laws. For numerous workweeks during their employment by GEICO, Plaintiffs and putative Collective and Class Members worked off-the-clock and without compensation during overtime hours.

31.     Plaintiffs and putative Collective and Class Members perform work tasks before the beginning and after the end of their paid shifts while off-the-clock and without compensation. These work tasks include adjusting vehicles, printing and completing paperwork, and discussing claims with other GEICO employees or affiliates (including those who work in body shops servicing vehicles), and calling customers. GEICO disincentivizes Plaintiffs and putative Collective and Class Members from reporting this unrecorded time because reporting such time would negatively impact Plaintiffs and putative Collective and Class Members' productivity metrics and evaluations.

32.     This results in GEICO's non-exempt, hourly employees (including Plaintiffs and putative Collective and Class Members) performing off-the-clock work, including overtime work, which goes unrecorded and unpaid by Defendant.

33.     In some instances, Plaintiffs and putative Collective and Class Members begin the workday one hour prior to the start of their paid shifts to perform work activities which include,

among other tasks, handling claims and calling customers and repair shops. This time worked in unpaid. Moreover, under Defendant's company-wide practice, Defendant requires Plaintiffs and putative Collective and Class Members to log into Defendant's online system to submit claims and other documentation in real time. Therefore, Defendant knows or should know that work is being performed on its online system without compensation.

34.     Additionally, Plaintiff and Auto Claim Adjusters are allocated a 30 to 45-minute meal break to be taken at no specific time during a shift.  But, due to Defendant's workload and quota, Plaintiff and Auto Claim Adjusters are often unable to take such breaks.  Even when they do receive some form of meal break, it is often interrupted and Plaintiff and Auto Claim Adjusters are required to perform work during the break, even though they are off-the-clock or on a meal break in Defendant's timekeeping records. Plaintiffs do not receive uninterrupted meal breaks and are under Defendant's control throughout their entire shift.  Defendant knows or should know about such uncompensated work being performed during unpaid meal breaks.

35.     If an employee does not meet the required quota of claims, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities. In addition to quotas, Defendant utilizes a call rating system to rate call volume and efficiency in answering customer calls; thus, Plaintiffs and putative Collective and Class Members must bring their cell phones to their meal breaks as a means of keeping the call answer rate high.

36.     Plaintiffs and putative Collective and Class Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and following up on customer calls. These tasks are completed while being logged onto Defendant's online system and are tracked in real time. Plaintiffs and putative Collective and Class Members are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

37.     Defendant also requires Plaintiffs and putative Collective and Class Members to work off-the-clock to attend meetings, outside of their scheduled shifts and without pay.

38.     Plaintiffs and putative Collective and Class Members use their personal vehicles to travel to semi-annual conference meetings. Travel time as well as the time spent at the conference is unpaid.

39.     All of this time that Defendant requires Plaintiffs and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal and Massachusetts law, including overtime premium pay for hours worked in excess of 40 per workweek.

40.     Defendant maintains time records for all their non-exempt, hourly Auto Claims Adjusters throughout the United States, including in Massachusetts. However, those time records fail to accurately reflect all of Plaintiffs and putative Collective and Class Members' hours worked, based upon Defendant's policies and procedures described herein for requiring Plaintiffs and putative Collective and Class Members to work off the clock.

41.     Moreover, Plaintiffs and putative Collective and Class Members work through meal periods for two primary reasons: (1) Defendant does not authorize, permit, and/or make available timely meal breaks for Plaintiffs and putative Collective and Class Members; and (2) Defendant knows or has reason to know that Plaintiffs and putative Collective and Class Members are too busy with work during the day to have time to take bona fide meal breaks. Specifically, Plaintiffs and putative Collective and Class Members are often too busy or not able to take meal periods because they are encouraged and pressured to meet quotas and keep the call answer rate high.

42.     As a result, Plaintiffs and putative Collective and Class Members regularly work through unpaid time that is allocated for a meal break. On information and belief, Defendant and its managers routinely manipulate the timecards of these employees to make it appear that they took a meal break in order to avoid paying additional wages and penalties.

43.     Even when they do receive some form of meal break, it is often interrupted and Plaintiffs and putative Collective and Class Members are required to perform work during the break. As a result of these issues, Plaintiffs and putative Collective and Class Members spend time

performing uncompensated work for Defendant even though they are off-the-clock or on a meal break in Defendant's timekeeping records.

44.     When Plaintiffs and putative Collective and Class Members experience interrupted meal breaks, or do not receive these breaks at all, Defendant fails to pay them the required wages for the time worked.

45.     Defendant does not provide Plaintiffs and putative Class Members with accurate wage statements as required by Massachusetts law. These workers receive wage statements that do not reflect all hours worked, pay for missed and "on-duty" meal breaks, and applicable overtime premiums.

46.     Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class Members and throughout Defendant's operations in Massachusetts.  Defendant's unlawful conduct and pay practices stem from a corporate policy to limit labor expenses.

47.     Upon information and belief, Defendant has not inquired into whether it paid Plaintiffs and putative Collective and Class Members for all time worked.

48.     Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiffs and putative Collective and Class Members in an amount to be determined at trial.  Defendant did not take requisite steps to ensure that Plaintiffs and putative Collective and Class Members were paid for all time worked.  Upon information and belief, Defendant did not conduct any study or audit of its compensation practices to ensure that Plaintiffs and putative Collective and Class Members did not perform work without compensation during any breaks.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

49.     Plaintiffs bring this case as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf a proposed collection of similarly situated employees defined as:

All current and former non-exempt classified employees of Defendant working as Auto Claim Adjusters (including comparable roles with different titles) throughout Massachusetts during the time period from three years prior to the filing of the complaint until resolution of this action (referred to herein as the "putative Collective Members" or "members of the Collective").

50.     Plaintiffs, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiffs may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

51.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

52.     Plaintiffs and putative Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock," including during meal breaks, without compensation in violation of the FLSA.

53.     The specific job titles or precise job responsibilities of each putative Collective member does not prevent collective treatment.

54.     Putative Collective members, regardless of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for "off-the-clock" work, including work performed during interrupted, on-duty, or missed meal breaks.

55.     Although Defendant permitted and/or required putative Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for such hours worked.

56.     All of the work that Plaintiffs and putative Collective Members performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiffs and putative Collective Members performed.

57.     Putative Collective members are not exempt from receiving overtime compensation under the FLSA.

58.     Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of putative Collective members.

59.     The hours that Defendant requires Plaintiffs and putative Collective Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under the FLSA.

60.     Defendant was aware, or should have been aware, that federal wage and hour laws required it to pay Plaintiffs and putative Collective Members for all hours worked, including overtime compensation for hours worked in excess of 40 per week.

61.     Although the exact amount of damages may vary among putative Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

62.     Defendant's failure to pay Plaintiffs and putative Collective Members for all hours worked, including overtime wages, was willful.   Defendant's unlawful conduct has been widespread, repeated, and consistent.

63.     Plaintiffs and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all putative Collective members. Defendant had a plan, policy or practice of not paying Plaintiffs and putative Collective members for work performed "off-the-clock" and during interrupted, interruptible, or missed meal breaks that are unpaid.

## RULE 23 CLASS ACTION ALLEGATIONS

64.     Plaintiffs bring causes of action as a class action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The putative Class that Plaintiffs seek to represent is defined as follows:

> All current and former non-exempt classified employees of Defendant working as Auto Claim Adjusters (including comparable roles with different titles) throughout Massachusetts during the time period from three years prior to the filing of the complaint until resolution of this action (referred to herein as the "putative Class Members" or "members of the Class").

65.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

66.     <u>Numerosity</u>: Defendant has employed potentially thousands of non-exempt, hourly Auto Claim Adjusters during the applicable statutory period. The number of putative Class Members are therefore far too numerous to be individually joined in this lawsuit, making joinder impracticable. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice putative Class Members and Defendant. The identities of the putative Class Members will be determined from Defendant's records, as will the compensation paid to each of them.

67.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiffs and putative Class Members that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

> i.   Whether Defendant failed to pay Plaintiffs and putative Class Members for all hours worked;
>
> ii.  Whether Defendant failed to pay Plaintiffs and putative Class Members at an overtime rate for all hours worked in excess of forty in a workweek;

iii.   Whether Defendant failed to authorize and permit Plaintiffs and putative Class Members to take a bona fide and uninterrupted meal break to which they were entitled under Massachusetts law;

iv.   Whether Defendant failed to compensate Plaintiffs and putative Class Members for work performed off-the-clock at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty in a workweek in violation of Massachusetts law;

v.   Whether Defendant failed to keep accurate records of employees' hours of work and wages;

vi.   Whether Plaintiffs and putative Class Members are entitled to civil and statutory penalties; and

vii.   The proper formula for calculating restitution, damages and penalties owed to Plaintiffs and putative Class Members as alleged herein.

68.   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the putative Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiffs and putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

69.   <u>Adequacy of Representation</u>:   Plaintiffs do not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs are competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members.

70.   <u>Superiority of Class Action</u>:   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.

Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

71.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

72.     If each individual Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each Class Member with Defendant's vastly superior financial legal resources.

73.     Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**in Violation of Fair Labor Standards Act (29 U.S.C. § 207)**
**(Brought on behalf of Plaintiffs and the putative Collective Members)**

74.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

75.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

76.     Plaintiffs and putative Collective Members, as Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

77.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

78.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

79.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

80.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

81.     Throughout the relevant time period, Defendant expected and required Plaintiffs and putative Collective Members to be available to work and/or to be on duty during their meal breaks, and thus the meal breaks were fully compensable time.

82.     Plaintiffs also routinely performed work-related tasks before and after scheduled shifts. Upon information and belief, Defendant treated putative Collective Members similarly with respect to "off-the-clock" work.

83.     Accordingly, consistent with the policies and procedures set up by Defendant, Plaintiffs and putative Collective members performed work for which they were not compensated. Defendant's policies and practices favored Defendant at the expense of Plaintiffs and putative Collective members.

84.     Defendant violated and continues to violate the FLSA by failing to pay Plaintiffs and putative Collective Members for "off-the-clock" work under 29 U.S.C. § 207. Because of these violations, Plaintiffs and putative Collective Members suffered wage losses during weeks where the total time worked exceeded forty hours.

85.     Plaintiffs and putative Collective Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

86.     Defendant's failure to pay overtime to Plaintiffs and putative Collective Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiffs and putative Collective Members' claims.

87.     Because of Defendant's willful violation, Plaintiffs and putative Collective Members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

88.     Plaintiffs and putative Collective Members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

89.     Wherefore, Plaintiffs and putative Collective Members request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Non-Payment of Earned Wages Including Travel Time**
**in Violation of M.G.L. c. 149, §§ 148, 150**
**(Brought on behalf of Plaintiffs and the putative Class Members)**

90.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

91.     M.G.L. c. 149 § 148 mandates the timely payment of all earned wages.

92.     Section 148 provides, in relevant part:

> [e]very person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or within seven days of termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week.

93.     Massachusetts law further provides that working time includes, "all time during which an employee is required to be on the employer's premises or to be on duty, or to be at the prescribed work site, and any time worked before or beyond the end of the normal shift to complete the work." 454 Code Mass. Regs. § 27.02.

94.     In addition, working time includes meal periods *if* the employee is *not* relieved of all duties. 454 Code Mass. Regs. § 27.02.

95.     Defendant implemented a policy and practice that failed to make bona fide meal periods available as required by M.G.L. c. 149 § 100. Even if Plaintiffs and putative Class

Members were able to take a meal period, they were still "on-duty" or subject to interruption, and often were interrupted during such meal periods.

96.     Because Plaintiffs and putative Class Members' meal periods were skipped, subject to interruption, were "on-duty," or otherwise not relieved of all duties, that is time worked, and Plaintiffs and putative Class Members should be reimbursed for back wages for any unpaid time allocated for such meal periods during a work day.

97.     In addition, Defendant implemented a policy and practice whereby Plaintiffs and putative Class Members are forced to work before and after scheduled shifts to meet Defendant's quotas.

98.     Moreover, travel time is fully compensable. Massachusetts law provides that, "[a]n employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and shall be reimbursed for all transportation expenses." 454 Code Mass. Regs. § 27.04(4)(d).

99.     By failing to pay Plaintiffs and putative Class Members their earned wages, including wages for time worked before and after scheduled shifts, working or "on call" time during unpaid meal breaks, travel time to conferences, time spent at the conferences, transportation expenses, and earned overtime wages, Defendant failed to pay Plaintiffs and putative Class members the full amount of their earned wages when the same became due and payable.

100.    Pursuant to M.G.L. c. 149, § 150, Defendant's failure to comply with M.G.L. c. 149, §§ 100, 148, and 150 entitles Plaintiffs and putative Class Members to recover three times the amount owed in wages and expenses, interest, reasonable attorney's fees, costs of litigation, and injunctive relief.

101.    Plaintiffs and putative Class Members further seek declaratory relief stating Defendant has violated and is in violation of M.G.L. c. 149, §§ 148, 150 for failing to compensate Plaintiffs and putative Class Members for the full amount of their earned wages when the same became due and payable.

102.     Wherefore, Plaintiffs and putative Class Members request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Non-Payment of Minimum Fair Wage**
**in Violation of M.G.L. c. 151, §§ 1, 7**
**(Brought on behalf of Plaintiffs and the putative Class Members)**

103.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

104.     The Massachusetts Minimum Fair Wage Law, M.G.L. c. 151 § 1, prohibits employers from paying employees oppressive and unreasonable wages.

105.     M.G.L. c. 151 § 1 requires that employees be compensated for all hours worked at least at the full Massachusetts minimum wage, which became $13.50 per hour effective January 1, 2021.

106.     Moreover, 454 Code Mass. Regs. 27.04(4)(d), promulgated pursuant to M.G.L. c. 151, § 1, provides:

> An employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and shall be reimbursed for all transportation expenses.

107.     Throughout the course of Plaintiffs and putative Class Members' employment, Defendant has failed to pay Plaintiffs and putative Class Members for travel time to attend work-related conferences and reimburse them for all transportation expenses.

108.     Defendant's conduct, as set forth above, in failing to pay Plaintiffs and putative Class Members at least minimum wage for all hours worked, including time worked before and after scheduled shifts, working or "on call" time during unpaid meal breaks, travel time to conferences, time spent at the conferences, and transportation expenses, violates the Massachusetts Minimum Fair Wage Law, M.G.L. c. 151 §§ 1, 7.

109.     Pursuant to M.G.L. c. 151 § 20, Defendant's failure to comply with M.G.L. c. 151 §§ 1,7 and 454 Code Mass. Regs. §27.04(4)(d) entitles Plaintiffs and putative Class Members

to recover three times the amount owed in wages and expenses, interest, reasonable attorney's fees, costs of litigation, and injunctive relief.

110.    Wherefore, Plaintiffs and putative Class Members request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Non-Payment of Overtime Wages
### in Violation of M.G.L. c. 151, §§1A, 1B
### (Brought on behalf of Plaintiffs and the putative Class Members)

111.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

112.    The Massachusetts Overtime Law, M.G.L. c. 151, § 1A, requires employers to pay employees "at a rate not less than one and one half times [their] regular rate" for hours worked in excess of 40 during a workweek.

113.    Defendant's conduct, as set forth above, in failing to pay Plaintiffs and putative Class Members overtime wages which they earned as a result of their employment, violates the Massachusetts Overtime Law, M.G.L. c. 151, § 1A.

114.    Pursuant to M.G.L. c. 151 § 1B, Plaintiffs and putative Class Members are entitled to recover three times their unpaid overtime wages, interest, reasonable attorney's fees, costs of litigation, and injunctive relief.

115.    Wherefore, Plaintiffs and putative Class Members request relief as hereinafter provided.

## RELIEF SOUGHT

116.    Plaintiffs and putative Collective and Class Members are entitled to recover their unpaid overtime wage compensation.

117.    Plaintiffs and putative Collective Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

118.    Plaintiffs and putative Collective Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

119.     Plaintiffs and putative Collective Members are entitled to declaratory relief stating Defendant's policies and practices as described herein are unlawful and in violation of the FLSA.

120.     Plaintiffs and putative Class Members are entitled to recover back wages for overtime pay at one-and-one-half times their regular rates of pay for missed or "on duty" meal periods or unpaid and off-the-clock work for each day worked during a workweek in which they worked more than 40 hours in a workweek.

121.     Plaintiffs and putative Class Members are entitled to recover back wages for missed or "on duty" meal periods or unpaid and any off-the-clock work at their regular hourly rate of pay for each day worked during a workweek in which they worked fewer than 40 hours in a workweek.

122.     Plaintiffs and putative Class Members are entitled to recover back wages for travel time and transportation expenses.

123.     Plaintiffs and putative Class Members are entitled to three times the amount owed in wages and expenses, interest, reasonable attorney's fees, costs of litigation, and injunctive relief under Massachusetts law.

124.     Plaintiffs and putative Class Member are entitled to injunctive relief for Defendant's failure to provide bona fide meal periods and failure keep proper records of the hours worked by Plaintiffs and putative Class Members and issue accurate pay stubs.

125.     Plaintiffs and putative Class Members are entitled to declaratory relief stating Defendant's actions as described herein were and are unlawful.

## **PRAYER**

126.     For these reasons, Plaintiffs, Class, and Collective Members respectfully request that judgment be entered in their favor awarding the following relief:

i.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all putative Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

ii.   An order preventing Defendant from retaliating in any way against Plaintiffs and any Collective or Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

iii.   An order finding that Defendant violated the FLSA;

iv.   An order finding that Defendant violated the FLSA willfully;

v.   All unpaid wages due under the FLSA;

vi.   An equal amount as liquidated damages as allowed under the FLSA;

vii.   Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

viii.   An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

ix.   An order finding that Defendant violated Massachusetts law;

x.   All unpaid regular wages due under Massachusetts law to the extent same does not duplicate regular wages due under the FLSA;

xi.   All unpaid overtime wages due under Massachusetts law to the extent same does not duplicate overtime wages due under the FLSA;

xii.   All statutory penalty wages due under Massachusetts law;

xiii.   All attorneys' fees, costs and disbursements as provided by Massachusetts law to the extent same does not duplicate fees due under the FLSA;

xiv.   For an order awarding Plaintiffs, Class, and Collective Members pre- and post-judgment interest at the highest rates allowed by law;

xv.   Such other and further relief to which Plaintiffs, Class, and Collective Members may be entitled at law or in equity.

Dated: August 23, 2021                    Respectfully submitted,


                                          */s/  Hillary Schwab*
                                          Hillary Schwab, BBO #666029
                                          FAIR WORK P.C.
                                          192 South Street, Suite 450
                                          Boston, MA 02111
                                          Tel. (617) 607-3261
                                          Fax. (617) 488-2261
                                          hillary@fairworklaw.com

                                          Gregg I. Shavitz, *pro hac vice* application to be
                                          filed
                                          Tamra Givens, *pro hac vice* application to be
                                          filed
                                          SHAVITZ LAW GROUP, P.A.
                                          951 Yamato Road, Suite 285
                                          Boca Raton, Florida 33431
                                          Telephone: (561) 447-8888
                                          Facsimile: (561) 447-8831
                                          gshavitz@shavitzlaw.com
                                          tgivens@shavitzlaw.com

                                          Michael J. Palitz, *pro hac vice* application to be
                                          filed
                                          SHAVITZ LAW GROUP, P.A.
                                          830 3rd Avenue, 5th Floor
                                          New York, New York 10022
                                          Telephone:  (800) 616-4000
                                          Facsimile:  (561) 447-8831
                                          mpalitz@shavitzlaw.com

Carolyn H. Cottrell, *pro hac vice* application to be filed
ccottrell@schneiderwallace.com
California Bar No. 166977
David C. Leimbach, *pro hac vice* application to be filed
dleimbach@schneiderwallace.com
California Bar No. 265409
Brett D. Watson, *pro hac vice* application to be filed
California Bar No. 327669
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

Paige T. Bennett (SBN 288009), *pro hac vice* application to be filed
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026
paige.bennett@dtlawyers.com

*Attorneys for Plaintiff, Class, and Collective Members*